[Cite as *State v. Ali*, 2019-Ohio-4763.]

STATE OF OHIO        )
                                )ss:
COUNTY OF SUMMIT    )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

STATE OF OHIO

    Respondent

    v.

JUBA ABDULLAH ALI

    Petitioner

C.A. No.      29580

ORIGINAL ACTION IN
HABEAS CORPUS

Dated: November 20, 2019

PER CURIAM.

{¶1} Juba Abdullah Ali has petitioned this Court for a writ of habeas corpus to order his release from custody. Because Mr. Ali has not complied with the mandatory requirements of R.C. 2969.25, this Court must dismiss this case.

{¶2} Upon review of the petition, it is apparent that it contains numerous defects. Mr. Ali failed to specifically name the respondent, although his allegations are directed to the trial court judge who is presiding over his criminal case. He also failed to verify his petition and attach his commitment papers, as required by R.C. 2725.04. While these defects would ordinarily require dismissal, Mr. Ali also failed to comply with a statutory filing mandate that requires this Court to dismiss his petition.

{¶3} R.C. 2969.25 sets forth specific filings requirements for inmates who file a civil action against a government employee or entity. The judge who is presiding over his case is a government employee. Mr. Ali, incarcerated in the Summit County Jail, is

an inmate. R.C. 2969.21(C) and (D). A case must be dismissed if the inmate fails to comply with the mandatory requirements of R.C. 2969.25 in the commencement of the action. *State ex rel. Graham v. Findlay Mun. Court*, 106 Ohio St.3d 63, 2005-Ohio-3671, ¶ 6 ("The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal.").

{¶4} Mr. Ali did not pay the cost deposit required by this Court's Local Rules. He also failed to comply with R.C. 2969.25(C), which sets forth specific requirements for an inmate who seeks to proceed without paying the cost deposit. Mr. Ali did not file an affidavit of indigency and he did not file a statement of his prisoner trust account that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier.

{¶5} Because Mr. Ali did not comply with the mandatory requirements of R.C. 2969.25, the case is dismissed. Costs taxed to Mr. Ali.

{¶6} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. Civ.R. 58.

_____
LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

JUBA ABDULLAH ALI, Pro se, Petitioner.

SHERRI BEVAN WALSH, Prosecuting Attorney, and COLLEEN SIMS, Assistant Prosecuting Attorney, for Respondents.